UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD,<br><br>              Plaintiff,<br><br>     v.<br><br>CDCR, et al.,<br><br>              Defendants. | No.  2:25-cv-2135 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has paid the filing fee

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  While it is not likely plaintiff will be able to state a claim upon which he can proceed, the court will grant plaintiff one attempt to do so in an amended complaint.

1

Plaintiff alleges he has been denied cosmetic surgery for his left eye out of which plaintiff cannot see. He seeks damages and injunctive relief.

Plaintiff identifies the California Department of Corrections and Rehabilitation (CDCR) and the California Health Care Facility (CHCF) as defendants. However, CDCR and CHCF, as State of California agencies or entities, have Eleventh Amendment immunity from suits for damages arising under Federal law. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). CDCR and CHCF are also not appropriate defendants for injunctive relief. If plaintiff seeks injunctive relief based upon a violation of federal law by a CDCR employee, plaintiff should identify the defendant as someone capable of carrying out any injunctive relief requested. The head of CDCR or the warden at plaintiff's prison would most likely suffice.

The other defendant identified, the Zeiter Eye Clinic, is not a proper defendant either. As for damages, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Therefore, entities are not proper defendants for damages-based claims. While the court could conceivably order a CDCR employee to provide plaintiff with the surgery requested as CDCR has custody of plaintiff, the court has no clear authority to order a private entity to conduct the surgery.

Plaintiff alleges his Eighth Amendment rights have been and are being violated by his being denied surgery. The Eighth Amendment protects plaintiff from cruel and unusual punishment. Plaintiff has not been denied cruel and unusual punishment by the denial of cosmetic surgery. Plaintiff suggests CDCR providing sex reassignment surgery to inmates is essentially cosmetic surgery. The Ninth Circuit has found that gender dysphoria is a serious medical condition which can require CDCR to provide sex reassignment surgery in order to be in accord with the requirements of the Eighth Amendment. Edmo v. Corizon, Inc., 935 F.3d 757, 785 (9th Cir. 2019). Sex reassignment surgery is not to improve appearance, but to change sex to the extent medically possible.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  September 2, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rich2145.14