UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRAIG RICHARD,

Plaintiff,

v.

CDCR, et al.,

Defendants.

No. 2:25-cv-2135 DAD CKD P

ORDER

Plaintiff is proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On October 10, 2025, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that plaintiff could proceed in a claim for injunctive relief arising under the Fourteenth Amendment and concerning the denial of health care against Dao Vang in his official capacity as Warden of the California Health Care Facility. The court recommended that all other claims and defendants be dismissed. Plaintiff filed objections to the findings and recommendations on October 10, 2025. To date, the district court judge assigned to this case has not ruled upon the court's findings and recommendations.

On or around June 3, 2026, plaintiff was released from prison. ECF No. 20. Since Warden Vang no longer has custody of plaintiff and has no legal obligation to provide plaintiff with health care, plaintiff's claim for injunctive relief against him must be dismissed as moot.

/////

Good cause appearing, the court will dismiss plaintiff's amended complaint. However, the court will provide plaintiff with one final opportunity to state a claim for damages. If plaintiff elects to file a second amended complaint in an attempt to state a claim for damages, plaintiff should consider the following:

1. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id.

2. In order to proceed on any tort claim, such as a claim brought under 42 U.S.C. § 1983, the injury alleged must be proximately cause by the defendant. Arnold v. International Business Machines Corp., 637 F.2d 1350, 1355–56 (9th Cir. 1981). There is no proximate cause if the injury sustained is / was not foreseeable. Id. An injury is foreseeable when a defendant knows, or should know, the injury sustained would result. Id.

3. If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants. Simply put, plaintiff cannot join claims against defendant B that are not sufficiently connected to those brought against defendant A.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Defendant Vao's motion to dismiss (ECF No. 23) is DENIED as moot.

4. Defendant Vao need take no further action until so required by the court.

5. The court's October 10, 2025, findings and recommendations are VACATED.

Dated: July 30, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rich2135.lta